AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JESUS ROMERO-HERNANDEZ, a/k/a<br>JESUS HERNANDEZ,<br><br>Defendant. | )<br>)<br>)  Case No. 3:24-mj-009 (TWD)<br>)<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of 11/27/23 in the county of Tompkins in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Reentry After Deportation or Removal |

This criminal complaint is based on these facts:
See attached affidavit

☒   Continued on the attached sheet.

_____
*Complainant's signature*
James W. O'Rawe, Deportation Officer
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:  1/8/24

_____
*Judge's signature*

City and State:   Syracuse, New York    Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, James W. O'Rawe, being duly sworn, depose and state the following:

1. I am a Deportation Officer with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE). I have been so employed since the creation of DHS in March 2003. Prior to the creation of DHS, I was employed by ICE's predecessor, the Immigration and Naturalization Service (INS) under the United States Department of Justice since December of 1998.

2. As a part of my duties at ICE, I have investigated violations of the Immigration and Nationality Act and other violations of the United States Code, including 8 U.S.C. § 1326(a), regarding the re-entry of previously deported or removed aliens.

3. This affidavit is based upon my own knowledge, my review of official INS and ICE records, and upon information that I obtained from other law enforcement officers involved with this investigation.

4. I make this affidavit in support of a criminal complaint charging Jesus ROMERO-Hernandez (ROMERO-Hernandez), a/k/a Jesus HERNANDEZ with a violation of 8 U.S.C § 1326(a).

5. Since this affidavit is being submitted for the limited purpose of securing a criminal warrant, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to demonstrate that ROMERO-Hernandez violated 8 U.S.C. § 1326(a).

## FACTS SUPPORTING PROBABLE CAUSE

6. On November 27, 2023, ICE received notification that ROMERO-Hernandez had been arrested by the Tompkins County Sheriff's Department, located in Tompkins County, New York, in the Northern District of New York. As part of the processing, a complete set of fingerprints were electronically captured from ROMERO-Hernandez and submitted to the Federal bureau of Investigation (FBI), Identification Division, In Clarksburg, West Virginia, via the Next Generation Identification (NGI) Advanced Fingerprint Identification Technology (AFIT). Through an interoperability agreement, this submission was also queried against DHS' Automated Biometric Identification System (IDENT). This query produced a positive biometric match with an Alien# XXX XXX 372 and FBI# XXXXXXLNH relating to ROMERO-Hernandez a native and citizen of Mexico.

7. According to record checks conducted with the DHS indices, ROMERO-Hernandez was removed from the United States on September 30, 2016. Specifically, he was physically

removed from the United States via afoot at the Hildalgo, Texas Port of Enty to Mexico. At that time, ROMERO-Hernandez was provided with a Warrant of Removal/Deportation (Form I-205), and Warning to Alien Ordered Removed or Deported (I-294) advising him that he would be in violation of Title 8, United States Code, Section 1326 if he entered, attempted to enter, or were to be found in the United States without the express permission of the Secretary of the Homeland Security. According to a records check, ROMERO-Hernandez has not received or sought permission to enter the United States after his removal.

8. A review of ROMERO-Hernandez's history shows multiple past convictions and removals including the following:

- On July 18, 2016, ROMERO-Hernandez was removed from the United States at the Hidalgo, Texas Port of Entry afoot to Mexico, via a Notice and Order of Expedited Removal (Form I-860) and was removed using Notice to Alien Ordered Removed/Departure Verification (Form I-296).

- On July 28, 2016, ROMERO-Hernandez was issued a Notice of Intent/Decision to Reinstate Prior Order (Form I-871) and was removed from the United States at the Hidalgo, Texas Port of Entry afoot to Mexico, via Warrant of Removal/Deportation (Form I-205) and Warning to Alien Ordered Removed or Deported (I-294) advising him that he would be in violation of Title 8, United States Code, Section 1326 if he entered, attempted to enter, or were to be found in the United States without the express permission of the Secretary of the Homeland Security.

- On August 4, 2016, ROMERO-Hernandez was issued a Notice of Intent/Decision to Reinstate Prior Order (Form I-871) and was removed from the United States on August 5, 2016 at the Hidalgo, Texas Port of Entry afoot to Mexico, via Warrant of Removal/Deportation (Form I-205) and Warning to Alien Ordered Removed or Deported (I-294) advising him that he would be in violation of Title 8, United States Code, Section 1326 if he entered, attempted to enter, or were to be found in the United States without the express permission of the Secretary of the Homeland Security.

- On August 5, 2016, ROMERO-Hernandez was convicted in the United States, Southern District of Texas, McAllen Division of 8 USC 1325(a)(1) and sentenced to time served.

- On August 22, 2016, ROMERO-Hernandez was issued a Notice of Intent/Decision to Reinstate Prior Order (Form I-871) and was removed from the United States on August 23, 2016 at the Hidalgo, Texas Port of Entry afoot to Mexico, via Warrant of Removal/Deportation (Form I-205) and Warning to Alien Ordered

- Removed or Deported (I-294) advising him that he would be in violation of Title 8, United States Code, Section 1326 if he entered, attempted to enter, or were to be found in the United States without the express permission of the Secretary of the Homeland Security.

- On September 19, 2016, ROMERO-Hernandez was issued a Notice of Intent/Decision to Reinstate Prior Order (Form I-871) and was removed from the United States on September 20, 2016 at the Hidalgo, Texas Port of Entry afoot to Mexico, via Warrant of Removal/Deportation (Form I-205) and Warning to Alien Ordered Removed or Deported (I-294) advising him that he would be in violation of Title 8, United States Code, Section 1326 if he entered, attempted to enter, or were to be found in the United States without the express permission of the Secretary of the Homeland Security.

- On September 23, 2016, ROMERO-Hernandez was issued a Notice of Intent/Decision to Reinstate Prior Order (Form I-871) and was removed from the United States on September 23, 2016 at the Hidalgo, Texas Port of Entry afoot to Mexico, via Warrant of Removal/Deportation (Form I-205) and Warning to Alien Ordered Removed or Deported (I-294) advising him that he would be in violation of Title 8, United States Code, Section 1326 if he entered, attempted to enter, or were to be found in the United States without the express permission of the Secretary of the Homeland Security.

- On September 30, 2016, ROMERO-Hernandez was issued a Notice of Intent/Decision to Reinstate Prior Order (Form I-871) and was removed from the United States on September 30, 2016 at the Hidalgo, Texas Port of Entry afoot to Mexico, via Warrant of Removal/Deportation (Form I-205) and Warning to Alien Ordered Removed or Deported (I-294) advising him that he would be in violation of Title 8, United States Code, Section 1326 if he entered, attempted to enter, or were to be found in the United States without the express permission of the Secretary of the Homeland Security.

9. There is no evidence that ROMERO-Hernandez received any authorization or approval to re-enter the United States after his removal. Based on the above referenced immigration record checks, ROMERO-Hernandez has no valid immigration status and is illegally present in the United States.

10. Your affiant respectfully submits that there is probable cause to believe that ROMERO-Hernandez illegally re-entered the United States without permission from the U.S. Government after previous deportations, in violation of Title 8, United States Code, Section 1326(a).

ATTESTED TO BY THE AFFIANT IN ACCORDANCE WITH RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

*James W. O'Rawe*
James W. O'Rawe
Deportation Officer
U.S. Immigration and Customs Enforcement

I, the Honorable Therese Wiley Dancks, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on January 8, 2024 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Therese Wiley Dancks
United States Magistrate Judge